# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY R. JOHNSON, Sr, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>PAUL A. KASTNER, Warden, )<br>)<br>Respondent. ) | Case No. CIV-10-681-M |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner currently in custody at the Federal Transfer Center in Oklahoma City, Oklahoma, and appearing pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and for the reasons set forth herein, it is recommended that the petition be dismissed upon filing.[1]

Petitioner alleges that he was convicted in the United States District Court for the Eastern District of Missouri following his plea of guilty to possession with intent to distribute 50 grams or more of cocaine base, and possession of a firearm by a convicted felon. Petition, 1. Although Petitioner alleges that he received a sentence of 264 months, the docket sheet in the criminal case states that his sentence was reduced to 211 months imprisonment on

---

[1] Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

Count 1 and 120 months imprisonment on Count 2, to run concurrently with each other for an aggregate term of 211 months imprisonment; 5 years supervised release; and $200 special assessment. Petition, 1; United States v. Johnson, No. 1:04CR100 JCH (E.D. Mo. Aug. 19, 2008). Petitioner filed a direct appeal, which was dismissed on his motion on March 27, 2006. United States v. Johnson, No. 05-4166 (8th Cir. Mar. 27, 2006). Thereafter, Petitioner moved for and was granted a reduction in his sentence as noted above. United States v. Johnson, No. 1:04CR100 JCH (E.D. Mo. Jan. 7, 2008 & Aug. 19, 2008). Petitioner then filed a motion for reconsideration and a notice of appeal. United States v. Johnson, No. 1:04CR100 JCH (E.D. Mo. Aug 26, 2008 & Aug. 28, 2008). The motion for reconsideration was denied by the district court. United States v. Johnson, No. 1:04CR100 JCH (E.D. Mo. Nov. 10, 2008). The Eighth Circuit affirmed the sentence reduction. United States v. Johnson, No. 09-1049 (8th Cir. Dec. 18, 2009). Petitioner also filed a motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255. Johnson v. United States, No. 1:07-cv-00053-JCH (E.D. Mo. Apr. 2, 2007). The motion was denied on December 2, 2008, and on appeal a certificate of appealability was denied and the appeal dismissed. Id.; Johnson v. United States, No. 09-2346 (8th Cir. Nov. 19, 2009). The Eighth Circuit Court of Appeals denied Petitioner's motion for rehearing. Id. (Jan. 5, 2010).

On June 30, 2010, Petitioner filed a petition for a writ of habeas corpus in this court raising four grounds for relief. First, he claims that he improperly received both an enhancement for possession of a firearm as well as a ten year sentence. Petition, 6. In Ground Two, he claims that his counsel was ineffective for leading him to believe he would

not receive both an enhancement and sentence for the firearm possession count. Petition, 6. In Ground Three, he claims that his public defender was ineffective because he represented both Petitioner and another man who was a witness against him. Petition, 7. Fourth, he claims prosecutorial misconduct in the form of presenting "lying witnesses" and the withholding of evidence. Petition, 7.

Although Petitioner filed this action as a § 2241 petition for a writ of habeas corpus, the Court must determine whether Petitioner's action arises under § 2241 or § 2255. A § 2255 petition attacks the legality of a conviction or sentence and must be filed in the district that imposed the sentence, while a § 2241 petition attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); see also McIntosh v. United States Parole Commission, 115 F. 3d 809, 811 (10th Cir. 1997) (stating that proceedings under 28 U.S.C. § 2254 and 2255 "are used to collaterally attack the validity of a conviction and sentence"). A petition under § 2241 "is not an additional, alternative, or supplemental remedy" to a § 2255 proceeding. Bradshaw, 86 F.3d at 166 (citations omitted).

In this case it is clear that Petitioner has raised claims that directly challenge the validity of his convictions and sentences – claims that fall squarely within the purview of § 2255. Petitioner can raise such claims in a § 2241 petition only if he satisfies the requirements of the so-called "savings clause" in § 2255. That clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by

3

> motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). This exception is an extremely narrow one. Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, relief may be sought when the original sentencing court is abolished, when the sentencing court refuses to consider the § 2255 petition altogether, when the court inordinately delays consideration of the petition, or when no one court could grant complete relief. Id. It is Petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and a previous failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166 (citing Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)). Moreover, the procedural hurdles to filing a second § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) do not render the remedy unavailable or ineffective. Caravalho, 177 F.3d at 1178.

Petitioner does not even address the applicability of the savings clause to his petition. Thus, the undersigned finds that Petitioner has failed to show that his claims fall within the limited circumstances in which the § 2255 remedy would be found inadequate or ineffective. Petitioner is attempting to challenge the validity of his convictions and sentences by a § 2241 action; however, he has failed to demonstrate the inadequacy or ineffectiveness of the § 2255 remedy, a prerequisite to a § 2241 action. Therefore, the undersigned recommends that the § 2241 petition be dismissed because it plainly appears from the face of the petition that Petitioner is not entitled to habeas relief pursuant to § 2241 as alleged. Purvis v. Wiley, No.

06-1117, 214 Fed. Appx. 774, 776-78 (10th Cir. Jan. 26, 2007); Kokoski v. Callahan, Nos. 05-6377, 06-6045, 196 Fed. Appx. 641, 643-44 (10th Cir. Aug. 22, 2006); Gibson v. Fleming, No. 01-6198, 28 Fed. Appx. 911, 913 (10th Cir. Dec. 11, 2001).[2] Moreover, this Court lacks jurisdiction to consider a challenge to Petitioner's convictions and sentences pursuant to 28 U.S.C. § 2255 and the Eastern District of Missouri is the proper forum for that claim. See 28 U.S.C. § 2255; Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000) ("Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court here lacked jurisdiction."). Accordingly, it is recommended that the petition be dismissed without prejudice.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the petition for a writ of habeas corpus be dismissed on filing without prejudice. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 16, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter. The Clerk of the Court is instructed to send a copy of this Report and Recommendation to the United States Attorney

---

[2]These unpublished dispositions are cited in accordance with Fed.R.Civ.P. 32.1 and Tenth Cir. R. 32.1.

for the Western District of Oklahoma on behalf of the Respondent.

**ENTERED this 26th day of July, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE